David Lawrence CREAM, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00846–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 16, 1989.

**324**

William W. Burge, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Judge.

Appellant, David Lawrence Cream, was convicted of indecency with a child. TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 1989). The jury rejected appellant's not guilty plea and assessed punishment at seven years confinement in the Texas Department of Corrections. We affirm.

In point of error one, appellant contends the trial judge was not authorized to preside in the trial below because he was not properly assigned by his administrative district to the 228th District Court.

The elected district judge of the 228th District Court of Harris County is the Honorable Ted Poe. Although the record does not contain an order of transfer or assignment, the Honorable P.K. Reiter, the elected judge of the 77th District Court of Limestone County, presided over the 228th District Court during appellant's trial. Appellant contends that the record must affirmatively show a written request by the presiding judge of the second administrative region to Judge Reiter's administrative region asking for Judge Reiter's services. Pursuant to § 74.056(b) of the Government Code, "[t]he presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request." According to appellant, because no request appears of record, Judge Reiter is not properly assigned.

Appellant is mistaken. Judge Reiter's regular districts, Limestone and Freestone counties, is properly part of the second administrative region. There is only one presiding judge and thus, in this situation, § 74.056(a) and not § 74.056(b) applies. Pursuant to section 74.056(a), the "presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region." Rule 8 of the Rules of Judicial Administration provides that the "assignment may be made during or after the consultation concerning the state of the business of the courts at a meeting of the judges of the administrative region and with or without an additional meeting of the judges." Appellant does not demonstrate that the assignment was not made at a meeting of the judges or any other pertinent time. Without a showing to the contrary, the assignment will be presumed as actually made without the necessity of a formal order. *Buchanan v. State,* 471 S.W.2d 401, 404 (Tex.Crim.App.1971). *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 855 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Moreover, when a judge is holding office under color of title, discharging the duties of the office, "his acts are conclusive as to all persons interested and cannot be attacked in a collateral proceeding, even though the person acting as judge lacks the necessary qualifications and is incapable of legally holding office." *Ex parte Lefors,* 171 Tex.Crim. 229, 347 S.W.2d 254, 254–55 (1961); *Tart v. State,* 642 S.W.2d 244, 246 (Tex.App.—Houston [14th Dist.] 1982, no pet.) Appellant's attack upon Judge Reiter's assignment and hence, his qualifications, is not a proper subject for appeal. Absent some constitutional infirmity, the proper method to attack a judge's qualifications is through a quo warranto proceeding. *Tart v. State,* 642 S.W.2d at 244. *See also Herrod v. State,* 650 S.W.2d 814, 817 (Tex.Crim.App.1983). Here, no constitutional infirmity is present. Point of error one is overruled.

In point of error two, appellant argues that the trial judge was not authorized to preside in the trial because the presiding judge of the 228th was not absent or trying a capital murder case, or an administrative judge who was present but attending to administrative duties. Appellant contends that section 74.061 of the Government Code precluded Judge Reiter's assignment because Judge Poe was "not the presiding administrative judge and was present during at least a portion of the trial." The record fails to reflect whether Judge Poe was simultaneously presiding over the 228th, in another courtroom or from another bench, at anytime during the course of appellant's trial. It is appellant's burden to bring forth a sufficient record to show error requiring reversal. TEX.R.APP. PRO. 50(d). Despite this fact, it is clear that appellant's claim is without merit. Section 74.061 was repealed the day before appellant's trial. Thus, there is no longer the prohibition to the assignment of district judges in Harris County where the regular judge is present or trying cases. *Ex parte Holmes*, 754 S.W.2d 676 (Tex.Crim.App. 1988). Point of error two is overruled.

In point of error three, appellant complains that the trial court committed reversible error in permitting the State, over objection, to question him about his prior criminal record. Approximately one month before trial, appellant filed a request for advance written notice of the State's intent to use any alleged convictions of crime against him, should he choose to testify. The State's response to the request was that it had no knowledge of any impeachable convictions.

After the State presented its case-in-chief and prior to appellant's testifying in his own behalf, appellant's counsel requested the court to order the State's attorney to make no inquiry into appellant's criminal history since the State gave no written notice of its intent to impeach appellant with prior criminal convictions. The prosecutor argued that although the State had no knowledge of appellant's criminal history, the State should not be precluded from asking appellant if he had been convicted

of a felony or a misdemeanor involving moral turpitude within the last ten years. The trial court agreed and denied appellant's request.

On cross-examination of the appellant by the State's attorney, the following questions were asked:

Q. [STATE]: Mr. Cream, have you in the past ten years been convicted of a felony or misdemeanor involving moral turpitude—

[DEFENSE]: I must object on the grounds we previously stated outside the presence of the jury.

THE COURT: Very well. Your objection is most respectfully overruled and I note your exception to the Court's ruling.

[DEFENSE]: Thank you, your Honor.

THE COURT: You may answer the question, sir.

A. [APPELLANT]: Moral turpitude?

Q. [STATE]: Moral turpitude. Anything that involved deceit, any theft, any prostitution, and fraud-type offense.

A. [APPELLANT]: Yes.

Q. [STATE]: Where was that?

A. [APPELLANT]: It was in the State of Massachusetts.

Q. [STATE]: When was that?

A. [APPELLANT]: Some years ago.

Q. [STATE]: What were you convicted of?

A. [APPELLANT]: I was once convicted of disturbing the peace. Things of that nature. I was convicted of stealing an automobile.

Q. [STATE]: Anything else?

A. [APPELLANT]: Drinking in public, disturbing the peace. I think I was once convicted of an assault charge.

Q. [STATE]: You think?

A. [APPELLANT]: Yes. I don't think. I know. I was convicted of an assault charge up there in Massachusetts.

Appellant now states that the above exchange violated Rule 609(f) of the Texas Rules of Criminal Evidence. Rule 609(f) precludes the use of prior convictions against a witness if the proponent of such evidence fails to give advance written notice of intent to use such evidence upon a

timely written request. The clear intent of Rule 609(f) is to prevent an ambush upon an adverse party's witness with that witness's conviction(s) when the adverse party has not had a fair opportunity to contest the use of such evidence. Here, there was no ambush, the State's questions to appellant were permissible under Rules of Criminal Evidence 607 and 609(a). Thus, the only convictions appellant had to consider before taking the witness stand were those already known to him. Point of error three is overruled.

The judgment is affirmed.