**Halmark BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00249–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 8, 1999.

Decided June 9, 1999.

David J. Ingram, Longview, for appellant.

William M. Jennings, Gregg County District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Halmark Bryant appeals from his conviction for possession with intent to deliver four grams or more but less than 200 grams of cocaine. After trial by jury as to both guilt and punishment, the trial court sentenced Bryant to sixty-five years' confinement and imposed a fine of $10,000.00. On appeal, Bryant raises three points of error.

Bryant first challenges both the legal and factual sufficiency of the evidence to support his conviction. The standard of review for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307,

319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In conducting a factual sufficiency review, we view all of the evidence without reviewing it in the light most favorable to the verdict and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 134–35 (Tex.Crim.App.1996). A factual sufficiency review takes into consideration all of the evidence and weighs the evidence that tends to prove the existence of the fact in dispute against the contradictory evidence. To avoid intruding on the jury's role as arbiter of the weight and credibility of the evidence, we give due deference to the jury's verdict. *Fuentes v. State*, 991 S.W.2d 267 (Tex.Crim.App.1999).

■ Bryant does not challenge the sufficiency of the evidence as to his possession of the cocaine. He challenges only the sufficiency of the evidence as to his intent to deliver. Intent to deliver may be shown by circumstantial evidence. *Williams v. State*, 902 S.W.2d 505, 507 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd ). Expert testimony by experienced law enforcement officers may be used to show intent to deliver. *Mack v. State*, 859 S.W.2d 526, 529 (Tex.App.-Houston [1st Dist.] 1993, no pet.); *Branch v. State*, 833 S.W.2d 242, 244–45 (Tex.App.-Dallas 1992, pet. ref'd). The factors that may be considered include: (1) the nature of the place where the defendant was arrested; (2) the quantity of controlled substance possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) the defendant's possession of a large amount of cash; and (6) the defendant's status as a drug user. *Williams v. State*, 902 S.W.2d at 506. The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight of the evidence. When faced with conflicting evidence, the appellate court presumes the trier of fact resolved any conflict in support of the verdict. *Fuentes v. State*, at 271.

■ On February 2, 1998, at around 8:45 p.m., DPS Trooper Bob Powell was working traffic patrol on Interstate 20 just west of Liberty City, in Gregg County. At that time, Powell stopped a 1988 Dodge two-door vehicle, with Louisiana paper tags, for speeding. The vehicle had two occupants, and Bryant was the driver.

After identifying Bryant, Powell checked and learned that Bryant had two outstanding warrants from the State of Louisiana, so he arrested him. Incident to that arrest, Powell conducted a search of the vehicle. Under the driver's seat he found a cigarette case containing sixty-three rocks of a substance later determined to be crack cocaine, packaged in individual green plastic baggies. Testing showed that the total weight of the cocaine was 8.42 grams. DPS narcotics officer Bobby Gibbons testified that the particles of cocaine were mostly ten-dollar "rocks" and that, based on his experience, their packaging indicated that the cocaine was intended for sale and distribution, rather than for individual use.

Bryant testified in his own behalf. He admitted that the cocaine was his, but denied any intent to sell and distribute it. He testified that he had purchased the cocaine in the individual packets for $150.00. Gibbons testified that the amount of cocaine in the form possessed by Bryant would cost from $630.00 to $1,260.00.

The jury in this case was certainly entitled to believe that an individual traveling an interstate highway with sixty-three individual, small baggies of crack cocaine worth $630.00 to $1,200.00, possessed the cocaine with the intent to distribute it. Moreover, the jury could disbelieve Bryant's assertion that the cocaine was only for his personal use. We find legally and factually sufficient evidence to support the jury's verdict.

■ In his second point of error, Bryant contends the trial court erred in permitting the State to introduce, for impeachment purposes, evidence of two previous convictions of Bryant in Louisiana. The first was a 1986 conviction for illegal pos-

session of stolen things, a felony, in Caddo Parish, Louisiana. The date of this conviction was July 11, 1986, and Bryant was placed on probation. On February 3, 1987, his probation was revoked, and Bryant was sentenced to one year of hard labor. On February 3, 1988, his supervision on that charge ended. The second conviction was in Caddo Parish, Louisiana, for attempted theft by fraud. The date of that conviction was June 21, 1988. Bryant was sentenced to five months in jail. His supervision on that charge ended November 21, 1988. Bryant was arrested for the offense on appeal on February 2, 1998, a date that was within ten years of Bryant's release under both prior convictions. The evidence of those convictions was therefore admissible unless such evidence was more prejudicial than probative. TEX.R. EVID. 609(a),(b).

■ Bryant contends that the trial court did not conduct a Rule 609 balancing test for the admissibility of these convictions. A record of such a test is not necessary. When considering the probative effect of evidence versus its possible prejudicial effect, the appellate court may presume that the trial judge conducted the balancing test, which need not be shown in the record. *See Stern v. State*, 922 S.W.2d 282, 287 (Tex.App.-Fort Worth 1996, pet. ref'd); *Nolen v. State*, 872 S.W.2d 807, 812 (Tex.App.-Fort Worth 1994, pet. ref'd).

Both Bryant and the State correctly cite *Theus v. State*, 845 S.W.2d 874 (Tex.Crim. App.1992), as controlling authority on the admissibility of these convictions. In *Theus,* the Court of Criminal Appeals set forth five nonexclusive factors the trial court should consider in weighing the probative value of a prior conviction against its prejudicial effect, in the application of Rule 609:(1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense, and the witness' subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony;

and (5) the importance of the credibility issue. *Theus v. State,* 845 S.W.2d at 880.

■ Wide discretion is accorded the trial court's decision in weighing these factors, and the decision should be reversed on appeal only if there is a showing of a clear abuse of discretion. *Theus v. State,* 845 S.W.2d at 881 (citing *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)).

■ The court in *Theus* held that the impeachment value of crimes involving moral turpitude and deception is higher than crimes involving violence, and the rule favors the admission of evidence of those kinds of crimes. Bryant's past crimes involve theft, which are crimes of deception and moral turpitude. *Bensaw v. State,* 129 Tex.Crim. 474, 88 S.W.2d 495 (1935); *Sherman v. State,* 124 Tex.Crim. 273, 62 S.W.2d 146, 150 (1933). As to temporal proximity, testimony shows that Bryant was released from confinement within the ten-year period provided by TEX.R. EVID. 609(b). As to the importance of Bryant's testimony and its credibility, Bryant himself was the only witness testifying to his intent in possessing the cocaine. The State was entitled to impeach his credibility. Affording the trial court the wide discretion mandated by *Theus,* we hold that the trial court properly permitted the State to impeach Bryant with his two previous criminal convictions.

■ Bryant also contends that, even if evidence of the convictions was admissible, he did not receive timely notice of the State's intention to use one of the convictions at trial, as is required by TEX.R. EVID. 609(f). Rule 609(f) provides that evidence of convictions is not admissible if, after timely written request, "the proponent fails to give to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Bryant's trial counsel admitted to the trial court that he received notice of the illegal pos-

session of the stolen things conviction in a timely manner, but he denied any knowledge of the attempted theft by fraud case until the morning of the trial. The State's attorney acknowledged that he had received the faxed documents on the second conviction only that morning, and that someone was supposed to be on the way to court with the originals.

In support of its contention that the notice furnished to Bryant in this case was sufficient, the State cites *Cream v. State,* 768 S.W.2d 323, 326 (Tex.App.-Houston [14th Dist.] 1989, no pet.), and *Johnson v. State,* 885 S.W.2d 578 (Tex.App.-Dallas 1994 no pet.). In *Cream,* the court held that failure to notify the defendant that the State intended to use prior convictions was harmless where the defendant was aware of the convictions. In *Johnson,* the court relied on *Cream* and held that the convictions were admissible without notice where the court held a hearing and the defendant had an opportunity to contest the convictions.

The ruling in *Cream* has been criticized. In *Brown v. State,* 880 S.W.2d 249, 251 (Tex.App.-El Paso 1994, no pet.), the court said:

> We find the reasoning presented in *Cream* unpersuasive. Rule 609(f) precludes the use of prior convictions against a witness if the proponent of such evidence fails to give advance written notice of intent to use such evidence upon a timely written request.... If we were to read Rule 609(f) as did the *Cream* Court, the notice requirement would never apply unless a witness could show complete unawareness of his or her own prior convictions. Such an interpretation would render Rule 609(f) meaningless.

The court in *Harper v. State,* 930 S.W.2d 625 (Tex.App.-Houston [1st Dist.] 1996, no pet.), made the same observations that the *Brown* court made.

■■■ When interpreting a statutory enactment, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text. *Jones v. State,* 979 S.W.2d 652, 656–57 (Tex.Crim. App.1998). Where the language is clear and unambiguous, its intent is determined by the plain and common meaning of the words. *National Union Fire Ins. Co. v. Burnett,* 968 S.W.2d 950, 954 (Tex.App.-Texarkana 1998, no pet.). The language of Rule 609(f) is plain; the failure to give the required notice makes the prior conviction "not admissible" for impeachment purposes. We find, as have the El Paso and Houston courts, *Cream*'s reasoning unpersuasive. Its interpretation would render the language of the rule meaningless.

We conclude that the State did not give timely notice of its intent to use the second prior conviction, and it was error to admit evidence of it.

■■■ Having determined that the trial court erred, and finding that such error is not constitutional in nature, we are required to determine whether the error affects Bryant's substantial rights. If it does not, the error is harmless. TEX. R.APP. P. 44.2(b). The prosecutor questioned Bryant only briefly concerning the second conviction. The prosecutor did not refer to this conviction in closing argument. Bryant's counsel did mention the prior convictions in his closing argument. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997). Our review of the record does not demonstrate a substantial, injurious effect on the jury's verdict. We hold, therefore, that the error did not affect Bryant's substantial rights and, pursuant to Rule 44.2(b), must be disregarded.

For the reasons stated, we affirm the judgment.