In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00156-CR


______________________________




MARTEL MCCREERY, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 5th Judicial District Court


Cass County, Texas


Trial Court No. 2000-F-00110




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 This is an appeal from a criminal trial for felony driving while intoxicated - subsequent
offense. A jury found Martel McCreery, Jr. guilty, and further found that he had previously been
convicted of felony burglary of a building. The jury assessed punishment at twenty years'
confinement in the Institutional Division, Texas Department of Criminal Justice (TDCJ), plus a
$5,000 fine. McCreery appeals arguing that the admission into evidence of his prior conviction for
burglary was unfairly prejudicial.

Background

 On January 14, 2000, McCreery was observed driving erratically on F.M. 249 in Cass
County, just outside Bloomburg, Texas. Officer Joe Frazier of the Bloomburg City Police
Department initially followed McCreery because of an inoperative taillight. Frazier stopped
McCreery after he made a wide right turn into the oncoming lane of F.M. 249 and continued to
weave from lane to lane. McCreery stumbled and fell as he exited his pickup/camper top vehicle,
and then fell again onto the camper porch as he tried to lean back against the truck. McCreery
refused to perform a field sobriety test, but based on slurred and incoherent speech, glassy eyes, and
an overpowering smell of alcohol, Frazier arrested him for driving while intoxicated (DWI). 
McCreery was verbally abusive and made threatening statements while being transported to the jail. 
He then passed out on the floor of the holding cell while waiting for the arrival of a qualified
Department of Public Safety (DPS) officer to videotape and administer the breath test. Once Trooper
Archie Booth arrived, he and a jailer tried unsuccessfully to awaken McCreery to request a breath
or blood sample for testing. Because McCreery was unresponsive, no tests were performed. There
was no videotape of these events because the video equipment is housed along with the intoxilyzer
machine in a separate room from the holding cell. Booth also testified that McCreery smelled of
alcohol.

 McCreery took the stand in his own defense. Over objection, the State was permitted to
impeach him based on a 1989 conviction for burglary of a building with intent to commit theft, a
second-degree felony. Although McCreery had been placed on community supervision for this
offense in 1989, community supervision was revoked in 1995, and he was sentenced to five years'
confinement. The jury found McCreery guilty of DWI. The offense was enhanced to a third-degree
felony by two prior DWI convictions. See Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon Supp.
2002). McCreery pleaded true to the enhancement paragraph of the indictment based on the prior
felony conviction for burglary, making him subject to punishment for a second-degree felony. See
Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp. 2002).

 McCreery now appeals the admission of the fact of his burglary conviction. In his first point
of error, McCreery argues that this evidence was inadmissible impeachment evidence under Rule
609(a). See Tex. R. Evid. 609(a). In his second point of error, McCreery argues that this evidence
was unfairly prejudicial and therefore inadmissible under Rule 403. See Tex. R. Evid. 403. Because
the burglary conviction was admissible impeachment evidence, and because the probative value of
this evidence was not substantially outweighed by any prejudicial effect, we will overrule both points
of error and affirm the decision of the trial court.

Standard of Review

 Both points of error contest the admission of the same evidence. A trial court's decision to
admit or exclude evidence is reviewed under an abuse of discretion standard and is disturbed on
appeal only when the trial court's decision falls outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g). 

Impeachment by Prior Conviction

 In his first point of error, McCreery argues that the trial court erred by allowing the State to
impeach his credibility during cross-examination with evidence of a prior felony conviction because
the evidence was unfairly prejudicial under Rule 609. See Tex. R. Evid. 609(a). When a witness
testifies, the opposing party may attack the credibility of that witness by presenting evidence that the
witness has been convicted of any felony or a misdemeanor involving moral turpitude. Tex. R.
Evid. 609. A criminal defendant who decides to testify is treated the same as any other witness with
respect to impeachment. For evidence of a conviction to be admissible, the court must determine
that the probative value of the evidence outweighs its prejudicial effect. See Tex. R. Evid. 609(a). 
If the trial court determines that the probative value of the evidence outweighs its potential
prejudicial effect and thus admits the evidence, the fact of the conviction is admissible for
impeachment. McCreery's prior conviction was for burglary of a building with intent to commit
theft, a second-degree felony. This qualifies as a crime of deception, which has a higher
impeachment value than violent crimes. See Bryant v. State, 997 S.W.2d 673, 676 (Tex.
App.-Texarkana 1999, no pet.). 

 A prior conviction is presumptively inadmissible for impeachment if more than ten years
have elapsed since the date of conviction or of the witness's release from the confinement imposed
for the prior conviction, whichever is later. Tex. R. Evid. 609(b). In this case, McCreery's probation
for the 1989 burglary conviction was revoked in 1995, and he was sentenced to five years'
confinement in the TDCJ. Both McCreery's confinement and release from confinement for the
burglary conviction were less than ten years before the trial. Therefore, the State was not required
to meet the more stringent admissibility standard. See Tex. R. Evid. 609(b) (stating convictions
older than ten years may only be admitted on a showing the probative value substantially outweighs
the prejudicial effect).

 The evidence in this case related to a felony crime of deception that was within the time limit
imposed by Rule 609. See Tex. R. Evid. 609(b). The trial court was within its discretion to admit
evidence of McCreery's prior burglary conviction. It did not make an arbitrary or unreasonable
decision without reference to any guiding rules or principles. The court did not abuse its discretion. 
We overrule McCreery's first point of error.



Exclusion of Otherwise Relevant Evidence

 In his second point of error, McCreery argues that the trial court erred by allowing the State
to introduce evidence of a prior felony conviction because the evidence was unfairly prejudicial
under Rule 403. Rule 403 gives the trial court the option of excluding relevant evidence if other
concerns substantially outweigh its probative value. See Tex. R. Evid. 403. Evidence of McCreery's
prior conviction for burglary with intent to commit theft, a second-degree felony, was admissible at
trial to impeach his credibility. See Tex. R. Evid. 609. It is a crime of deception, which is probative
of the witness's truthfulness. See Bryant, 997 S.W.2d at 676. McCreery placed this trait in issue by
taking the stand. He testified that he had taken medication that affected him strangely and may have
made him appear intoxicated. McCreery was the only source of evidence on this defensive theory,
so his credibility was an important issue in the case. 

 Evidence that a witness has committed a prior felony crime of deception is not unfairly
prejudicial. See Tex. R. Evid. 403 (permitting exclusion of relevant evidence only if the probative
value is substantially outweighed by the danger of unfair prejudice). The trial court was within its
discretion to admit evidence of McCreery's prior burglary conviction. It did not make an arbitrary
or unreasonable decision without reference to any guiding rules or principles. The court did not
abuse its discretion. We overrule McCreery's second point of error.


 The judgment of the trial court is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: November 16, 2001

Date Decided: January 25, 2002


Do Not Publish