Opinion Issued December 30, 2004








 
 
 
In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01227-CR




RICHARD LEWIS MONTGOMERY, Appellant

V.

THE STATE OF TEXAS, Appellee

 

 
 
On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1177028
 

MEMORANDUM OPINION
          A jury found appellant, Richard Lewis Montgomery, guilty of the misdemeanor
offense of driving while intoxicated (DWI), and the trial court assessed his
punishment at 180 days in jail, suspended for two years’ community supervision, and
a $2,000 fine. See Tex. Pen. Code Ann. § 49.04 (Vernon 2003). We determine (1)
whether the trial court erred in overruling appellant’s objection to the jury charge and
(2) whether the trial court erred in overruling appellant’s objection to the admission
of evidence of a witness’s prior conviction. We affirm.
Facts

          On June 6, 2003, Pasadena Police Department Officer James Wright observed
appellant driving a vehicle that appeared to be speeding. Officer Wright used a radar
gun to confirm that appellant’s vehicle was traveling at 49 miles per hour in a 35-mile-per-hour speed zone. Officer Wright immediately pulled out behind appellant’s
vehicle, followed it for a distance, and waited for a safe place to pull the vehicle over. 
While following the vehicle, Officer Wright observed it swerve to the left, swerve
across the center divider line, correct itself, and then swerve across the right divider
line. Appellant repeated this swerving sequence once more, then abruptly engaged
the vehicle’s breaks and attempted to make a sharp left into the driveway of the
Dailey Double bar. However, appellant turned short of the driveway and proceeded
to drive the remaining distance to the entrance with the vehicle partly on the sidewalk
and partly on the road. Upon observing this maneuver, Officer Wright immediately
turned on his patrol car’s emergency lights and followed appellant’s vehicle into the
parking lot. After pulling into the parking lot, appellant twice unsuccessfully
attempted to park his vehicle and, in the process, nearly hit several parked cars,
including Officer Wright’s patrol car. Appellant successfully parked his vehicle on
his third attempt. 
          Upon approaching appellant’s vehicle, Officer Wright observed a strong smell
of alcohol emanating from within. Officer Wright requested that appellant produce
identification, to which appellant responded by hanging his head and stating, “I had
a six pack, you got me.” While Officer Wright questioned appellant, the passenger
of the vehicle, Ron Vahshotlz, exited the vehicle and entered the bar. 
          Noting appellant’s speeding, weaving, and a strong smell of alcohol, Officer
Wright performed a field sobriety test on appellant. After appellant failed the first
test, Officer Wright requested that appellant perform at least four other field sobriety
tests, all of which appellant failed. After appellant had failed all five tests, Officer
Wright placed appellant under arrest for DWI. Nolan Vahsholtz, a friend of appellant
who had been standing outside of the bar watching appellant perform the field
sobriety tests, asked Officer Wright to release appellant’s vehicle into his custody so
that it would not be towed. Officer Wright did so and took appellant to the police
station. At the police station, appellant refused to take an intoxilyzer test or to
perform any additional sobriety tests. 

Jury Charge
          In his first point of error, appellant contends that the jury charge failed to track
the statutory definition of the term “weaving”and that the error harmed him. 
Specifically, appellant asserts that the charge, as worded, “imposed a greater duty on
appellant . . . and lessened the State’s burden of proof in showing a violation of this
statute in the process.” 
          In reviewing jury-charge error, we utilize a two-step process. We first
determine whether error actually exists in the charge. Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984). If we find that error is present, we must then
determine whether sufficient harm was caused by the error to warrant reversal. Arline
v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). If the charge error was the
subject of timely objection, reversal is required if that error was calculated to injure
the rights of the defendant, thereby causing some actual harm. Ovalle v. State, 13
S.W.3d 774, 786 (Tex. Crim. App. 2000). In a case in which a defendant did not
properly object at trial, we will reverse only if the error is so egregious and created
such harm that he was denied a fair and impartial trial. Arline, 721 S.W.2d at 351;
Almanza, 686 S.W.2d at 171. In both circumstances, the harm suffered is examined
in light of the entire jury charge; the state of the evidence, including the contested
issues and the weight of probative evidence; the argument of counsel; and any other
relevant information revealed by the record of the trial as a whole. Almanza, 686
S.W.2d at 171.The Texas Transportation Code provides that “an operator on a roadway
divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as
practical entirely within a single lane; and (2) may not move from the lane unless that
movement can be made safely.” Tex. Transp. Code Ann.§ 545.060 (a) (Vernon
2003) (emphasis added).


 Appellant asserts that, because the jury charge stated that
an operator “shall not,” instead of “may not,” move from the lane, the definition of
the word weaving, as defined in the charge, imposed a greater duty on appellant than
required by the statutory definition. 
          If a requested charge is substantially the same as the charge actually give, there
is no error. See Baldree v. State, 784 S.W.2d 676, 682 (Tex. Crim. App. 1989). A
defendant is not entitled to have an instruction worded exactly as he requests, as long
as the charge correctly states the law and tracks the applicable statute. Thacker v.
State, 889 S.W.2d 380, 399 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d). 
          In this case, the jury charge properly tracked the language set forth in section 
545.060(a) of the Texas Transportation Code. In this context, the phrases “shall not”
and “may not” are synonymous. See Tex. Gov’t Code Ann. § 311.016(5) (Vernon
2003) (stating “may not” imposes a prohibition and is synonymous with “shall not”). 
Because the jury charge correctly tracked the language of the statute, the charge did
not contain error, and the trial court did not err in overruling appellant’s objection to
the charge. 
          We overrule appellant’s first point of error. 
Prior Conviction
          In his second point of error, appellant contends that the trial court erred in
overruling appellant’s objection to the admission of Ron Vahsholtz’s prior conviction
for forgery because the conviction was remote. 
          We review a trial court’s decision to admit or to exclude evidence for an abuse
of discretion. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). All
relevant evidence is deemed admissible, except as otherwise provided by
Constitution, by statute, by the rules of evidence, or by other rules prescribed
pursuant to statutory authority. Tex. R. Evid. 402. The erroneous admission or
exclusion of evidence does not result in reversible error unless it affects a substantial
right of the accused. See Tex. R. App. P. 44.2(b). Substantial rights are affected
when the error has a substantial and injurious effect or influence in determining the
jury’s verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
          Even assuming that the trial court erred in allowing the admission of Ron
Vahsholtz’s prior conviction, it cannot be said that the error was harmful. In the
present case, Ron Vahsholtz had spent the day with appellant and was a passenger in
appellant’s vehicle when appellant was observed weaving and attempting to park his
vehicle. Ron Vahsholtz primarily testified regarding the amount of alcohol that
appellant had drunk before his arrest and about whether appellant was speeding and
weaving. The prosecutor questioned Ron Vahsholtz only briefly concerning his prior
conviction for forgery. Furthermore, the prosecutor did not mention the conviction,
or even significantly attack Ron Vahsholtz’s credibility, during closing argument. 
          Moreover, Ron Vahsholtz’s testimony constituted only a small portion of the
overall testimony during trial and was corroborated by other witnesses, most
importantly by appellant and Nolan Vahsholtz. Like Ron Vahsholtz, appellant
testified that he had drunk only three beers during the course of the day, testified that
he had not been speeding or weaving, and explained why he had had difficulty
parking his truck. Appellant also testified that he had performed the field sobriety
tests correctly. 
 

          More importantly, Nolan Vahsholtz, Ron Vahsholtz’s son, also corroborated
appellant’s and Ron Vahsholtz’s testimony regarding appellant’s driving and
performance of the field sobriety tests. The night that appellant was arrested, Nolan
Vahsholtz had unexpectedly run into his father and appellant at a bar. About 10
minutes after they had met, the group decided to caravan to another bar, the Daily
Double. On the drive to that bar, Nolan Vahsholtz’s vehicle drove in front of
appellant’s vehicle, with one vehicle between them. Nolan Vahsholtz testified that
appellant did not appear intoxicated in the first bar, that he did not speed or weave
while driving to the second bar, and that appellant completed the field sobriety tests
without appearing to be intoxicated. 
          Based on our review of the record, we cannot conclude that the admission of
Ron Vahsholtz’s prior conviction had a substantial, injurious effect on the jury’s
verdict. We hold, therefore, that error did not affect appellant’s substantial rights and,
pursuant to rule 44.2(b), it must be disregarded. See Bryant v. State, 997 S.W.2d 673,
677 (Tex. App.—Texarkana 1999, no pet.). 
          We overrule appellant’s second point of error.

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. See Tex. R. App. P. 47.2(b).