Affirmed and Memorandum Opinion filed April 26, 2005









Affirmed and Memorandum Opinion filed April 26, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00119-CR

____________

 

COLLINS J. BUTLER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 945,148

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Collins J. Butler, was
convicted of possession with intent to deliver more than 4 grams, but less than
200 grams, of cocaine.  He was
subsequently sentenced to 35 years= incarceration in
the Texas Department of Criminal Justice, Institutional Division.  In his sole issue on appeal, appellant
challenges the factual sufficiency of the evidence supporting his
conviction.  We affirm.








On April 8, 2003, Officer Kenneth Wiltz of
the Houston Police Department was working undercover narcotics with his partner
and a confidential informant at a motel on Main Street.  Officer Wiltz was working that location
because he had previously made narcotics related arrests there and he was
looking for a particular person.  He sent
the informant to room 153 of the motel. 
The informant came out about ten minutes later, but did not have any
contraband.  Based on his conversation
with the informant, Officer Wiltz drafted a narcotics search warrant.  He described appellant in the search warrant.  He thereafter observed appellant leave the
motel room and get into a car.  

Officer Wiltz left around 8:00 or 8:30
p.m. to get the search warrant, and returned around noon the following day with
the other members of the raid team to execute the warrant.  The raid team knocked on the door of the
motel room, which was slightly ajar, and announced their presence.  Officer Cory Riggs, the Apoint man,@ was the first to
enter the motel room, followed by another officer, and then Officer Wiltz.  Not all of the officers on the raid team
entered the room because it was too crowded. 


There were six people in the roomCthree men,
including appellant, and three women. 
The three women were sitting on a couch, while one of the men was
sitting in a chair near the door and another man was standing by a wall near
the doorway.  Appellant was the only
person sitting on the bed.  When he
entered the room, Officer Riggs told everyone in the room not to move.  Appellant, however, rolled over onto his
stomach, Aacross the bed,@ with his hand
underneath the mattress.  Officer Riggs
was not able to see what was in appellant=s hand.  Appellant was asked to stop moving and he
eventually put his hands up.  








The officers subsequently recovered from
beneath the mattress a matchbox containing 40 rocks of crack cocaine, weighing
8.5 grams, including adulterants or dilutants (83.6 percent pure cocaine), with
an estimated street value of $800 to $1000. 
A loaded .380 pistol was also recovered from underneath the mattress on
the opposite side of the bed.[1]  No contraband was found on the women, but
marijuana was found in a pocket of the man standing by the wall and an
identical matchbox containing crack cocaine was found in the pants pocket of
the man sitting in the chair.  

Appellant claims the evidence is factually
insufficient to prove intentional and knowing possession with intent to
deliver.  When reviewing the factual
sufficiency of the evidence, we need answer only one question:  Considering all of the evidence in a neutral
light, was the trier of fact rationally justified in finding guilt beyond a
reasonable doubt?  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
There are two ways in which the evidence may be insufficient.  Id. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, there may be evidence both supporting, and contrary to, the
verdict.  Id.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met and the guilty
verdict should not stand.  Id. at
485.  

To establish the unlawful possession of a
controlled substance, the State must prove the accused (1) exercised care, control,
and management over the contraband, and (2) knew the matter possessed was
contraband.  Joseph v. State, 897
S.W.2d 374, 376 (Tex. Crim. App. 1995). 
When the accused is not in exclusive possession of the place where the
contraband is found, there must be additional independent facts affirmatively
linking the accused to the contraband in such a manner that it can be concluded
that he had knowledge of, as well as control over, the contraband.  Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). The affirmative link can be established by showing
additional facts and circumstances indicating the accused=s knowledge and
control of the contraband.  Deshong v.
State, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981).  








When determining whether the State
established the necessary affirmative link, we may consider the following
factors:  (1) whether the defendant was
present when the drugs were found; (2) whether the drugs were in plain view;
(3) whether the drugs were found in proximity to and accessible to the
defendant; (4) whether the defendant was under the influence of drugs when
arrested; (5) whether the defendant possessed other contraband or drug
paraphernalia; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the
defendant made furtive gestures; (9) whether there was an odor of drugs; (10)
whether the defendant owned or had the right to possess the place where the drugs
were found; (11) whether the place the drugs were found was enclosed; (12) the
amount of drugs found; (13) whether the defendant possessed weapons; (14)
whether the defendant possessed a large amount of cash; and (15) whether the
defendant=s conduct indicated a consciousness of
guilt.  Taylor v. State, 106
S.W.3d 827, 831 (Tex. App.CDallas 2003, no
pet.); Mohmed v. State, 977 S.W.2d 624, 627 (Tex. App.CFort Worth 1998,
pet. ref=d).  

There is no established formula that would
dictate a finding of an affirmative link sufficient to support an inference of
knowing possession of contraband.  Porter
v. State, 873 S.W.2d 729, 732 (Tex. App.CDallas 1994, pet.
ref=d).  Nor are the number of factors present as
important as the logical force the factors have in establishing the elements of
the offense.  Gilbert v. State,
874 S.W.2d 290, 298 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d). 


Appellant complains there is no direct
evidence that he intentionally or knowingly possessed cocaine.  Appellant points out that neither Officer
Wiltz nor Officer Riggs actually observed a matchbox in his hand.  Officer Riggs, who entered the room first,
testified that he did not see if appellant had anything in his hand, only that
he was reaching underneath the mattress.[2]  Appellant also points out that there are no
latent fingerprints on the matchbox. 
This is confirmed by Officer Wiltz=s testimony that
the crime lab was not able to recover fingerprints from the matchbox.  Appellant also points out that the man
sitting in the chair was in possession of an identical matchbox containing
cocaine in his pants pocket.  The
evidence further established that appellant did not rent the motel room, but,
instead, it was rented by someone named AMiller.@  








Appellant argues there is no evidence to
suggest that a matchbox is so commonly used as a receptacle for crack cocaine
that possession of a matchbox immediately indicates that the accused would know
it contains cocaine.  Appellant also
asserts that when the police entered the room and pointed a loaded shotgun at
all the occupants, he not would have risked Acertain death@ by making a move
across the bed.  Appellant further
contends that it is incredible to suggest that the police, during the execution
of a narcotics search warrant, would have allowed such a furtive gesture to go
unchallenged by more than a verbal command. 
Finally, appellant claims common sense suggests that no person entering
the room through a doorway to the left side of the bed would be in a position
to see a person=s hand as he lay on his left side and
purportedly placing his hand between the mattress and box spring because any
such a view would be obstructed by the person=s body and the bed
itself.

Officer Riggs testified, however, that his
responsibility as the Apoint man@ of the raid team
was to penetrate the room as quickly and deeply as possible, scanning for
anything that might be perceived as threatening.  Officer Riggs also testified that for safety
reasons and to prevent the destruction of evidence, he pays particular
attention to the occupants= hands.  

Furthermore, both Officers Riggs and Wiltz
testified that appellant moved across the bed and had his hand underneath the
mattress after everyone in the room had been told not to move.  A short while later, the police recovered a
matchbox containing the cocaine from underneath the mattress in the same area
where appellant had placed his hand. 
Appellant was the only occupant of the room in that area.  The totality of the facts and circumstances
are sufficient to affirmatively link appellant to the matchbox containing the
40 rocks of crack cocaine found underneath the mattress.  








Intent to deliver may be established by
circumstantial evidence such as (1) the nature of the place where the defendant
was arrested; (1) the quantity of drug possessed; (2) the manner of packaging;
(3) the presence of large amounts of money; (4) whether the defendant is a drug
user; and (5) whether there is evidence of drug transactions.  Bryant v. State, 997 S.W.2d 673, 675
(Tex. App.CTexarkana 1999, no pet.); Gabriel v.
State, 842 S.W.2d 328, 331 (Tex. App.CDallas 1992), aff=d, 900 S.W.2d 721
(Tex. Crim. App. 1995).  Expert testimony
by experienced law enforcement officers may used to show intent to
deliver.  Bryant, 997 S.W.2d at
675.  Intent to deliver is a fact
question for the jury and may be inferred from the acts, words, or conduct of
the accused.  Taylor, 106 S.W.3d
at 831.  

Here, the matchbox contained 40 rocks of
crack cocaine, weighing 8.5 grams. 
Officer Riggs testified the unit of use for crack cocaine is about .10
grams, which is about the size of one rock. 
He further stated that an extreme case of individual crack cocaine usage
would involve ingesting two or three grams of crack per day.  In an extreme case, eight grams could be
consumed by one person in three days. 
Officer Riggs also explained that one rock could keep a person high for
six to eight hours; therefore, three rocks could keep a person high for 24
hours.

Appellant argues that because  he was not found in possession of any cash
suggesting that he had just sold crack cocaine to anyone else in the room, it
could be reasonably inferred that he was only a user, not a dealer.  However, no crack pipe was found in appellant=s possession.  Also, there was no evidence that appellant
had a severe crack habit.  Moreover,
Officer Wiltz testified that after speaking to the informant, who had just left
the motel room, he used appellant=s description in
the search warrant he drafted.  The jury
could reasonably infer that the amount of crack cocaine contained in the
matchbox was more than appellant would have used for personal consumption.[3]  








Appellant=s issue is
overruled and the judgment of the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 26, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant was
not seen making any moves that would link him with the gun and he was not
charged with the use or exhibition of a firearm.  





[2]  Officer Wiltz
testified that Officer Riggs stated to the other members of the raid team that
appellant had something in his hand and was putting it underneath the mattress.





[3]  See, e.g.,
Taylor, 106 S.W.2d at 831B32 (holding that evidence of 1.3 grams of cocaine,
which was consistent with 13 individual uses, and several small plastic bags,
and testimony that it would be Avery uncommon@ for
someone to purchase 13 individual uses of crack cocaine without the intent to
sell at least a portion of it, was sufficient to support finding of intent to
deliver); Bryant, 997 S.W.2d at 675 (holding that evidence of 63 rocks
of crack cocaine, weighing 8.42 grams, in individual bags, and with a value of
$630 to $1260, found in the defendant=s car
was sufficient to support finding of intent to deliver); Mack v. State,
859 S.W.2d 526, 528B29 (Tex. App.CHouston
[1st Dist.] 1993, no pet.) (holding that evidence of 8.9 grams (29 rocks) of
crack cocaine worth $600 in the defendant=s
possession was sufficient to show intent to deliver in light of testimony that
this was not a normal amount for individual crack use and facts that the
defendant was arrested in a known drug-dealing area and no paraphernalia for
smoking cocaine was found on the defendant).