Opinion issued September 22, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01102-CR




GEORGE LOUIS KENNEDY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the the 263rd District Court
Harris County, Texas
Trial Court Cause No. 981549




MEMORANDUM OPINION
          A jury found appellant, George Louis Kennedy, guilty of possession with the
intent to deliver more than four grams and less than 200 grams of cocaine. The trial
court, finding the two enhancement paragraphs true, assessed punishment at 40 years
of imprisonment. Appellant challenges the conviction on grounds that the evidence
was legally insufficient. We affirm.
BACKGROUND
          On March 21, 2004, Houston Police Officers A.J. Vanderbull and Marquese
Walker, in separate squad cars, were patrolling a high crime area of the Third Ward. 
As Vanderbull approached a parked vehicle at the 3400 block of Dennis Street, he
smelled the odor of burnt marijuana. Vanderbull immediately decided to stop and
investigate. After getting out of his patrol car, he walked toward the car he believed
the odor was coming from and approached the occupants—appellant and his female
passenger—of the vehicle. At this point, Walker, who was assisting Vanderbull in
the investigation, noticed that the female passenger had an open container of beer. 
After detaining appellant and the passenger, Walker noticed a clear baggy filled with
a yellowish-white substance in the form of 23 “rocks” on the driver’s side floorboard. 
Walker field-tested the substance, which resulted in a positive test for the presence
of cocaine. The Houston Police Crime Laboratory later determined that the substance
weighed 4.7 grams. No marijuana or drug paraphernalia was found in the vehicle. 

 

STANDARD OF REVIEW
          In his sole point of error, appellant contends that the evidence is not legally
sufficient to support the jury’s finding of possession with intent to deliver. In
reviewing the evidence for legal sufficiency, we view the evidence in the light most
favorable to the verdict to determine “whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.” Jackson v.
Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 2788-89 (1979); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). The jury is the “exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony.” Jaggers v. State, 125 S.W.3d 661, 672 (Tex App.—Houston [1st Dist.]
2003, pet. ref’d). “The jury, being the judges of the facts and credibility of the
witnesses, could choose to believe or not believe the witnesses, or any portion of their
testimony.” Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). This
standard of review applies to both direct and circumstantial evidence cases. Id.
DISCUSSION           Appellant relies on Turner v. State and Bryant v. State in arguing that the
evidence is legally insufficient. Turner v. State, 681 S.W.2d 849, 850 (Tex.
App—Dallas 1984, pet. ref’d); Bryant v. State, 997 S.W.2d 673 (Tex.
App—Texarkana 1999, no pet.). Appellant’s reliance is misplaced. As a preliminary
matter, Turner is no longer good law. In Geesa v. State, the Court of Criminal
Appeals established the Jackson standard as the correct analysis for sufficiency of the
evidence appellate review and consequently abandoned the “outstanding reasonable
hypothesis of innocence theory” that had been the analytical foundation for Turner.
See Geesa v. State, 820 S.W.2d 154, 160-61 (Tex.Crim.App. 1991) (holding that
“today [we] reject [the outstanding reasonable hypothesis of innocence theory’s] use
as a method of appellate review for evidentiary sufficiency in this and other appellate
courts of this State”), rev’d on other grounds, 28 S.W.3d 570 (Tex. Crim. App. 2000). 
Many courts of appeals, including this one, have recognized this analytical shift. See
e.g., Perkins v. State, No. 01-99-01161-CR, 2001 WL 204758 (Tex. App.—Houston
[1st Dist.] March 1, 2001, no pet.) (not designated for publication); Rhodes v. State,
913 S.W.2d 242 (Tex. App.—Forth Worth 1995, pet. granted), aff’d, 945 S.W.2d 115
(Tex. Crim. App. 1997).  
          Appellant’s reliance on Bryant v. State also fails. The Bryant Court held that 
factors that may be considered in determining sufficiency of the evidence are “(1) the
nature of the place where the defendant was arrested; (2) the quantity of controlled
substance possessed by the defendant; (3) the manner of packaging; (4) the presence
of drug paraphernalia; (5) the defendant’s possession of a large amount of cash; and
(6) the defendant’s status as a drug user.” Bryant, 997 S.W.2d at 675 (citation
omitted).
          Appellant contends that the crack rocks were not individually packaged and
that he did not carry a large amount of cash. Therefore, appellant impliedly argues,
the State failed to meet their burden of proof because not all six of the Bryant factors
were present.
          However, such a showing is not necessary for the state to carry its sufficiency
burden. The Bryant Court itself stated that this list of factors may be considered upon
review. Id. That is, the Bryant court did not hold what appellant seems to argue they
did, and, furthermore, other courts have found this list of factors to be “non-exclusive.” See e.g., Robertson v. State, 137 S.W.3d 807, 810 (Tex. App.—Waco,
2004), rev’d on other grounds, 163 S.W.3d 730 (Tex. Crim. App. 2005); Ramirez v.
State, No. 08-99-00406-CR, 2000 WL 1595694 (Tex. App.—El Paso Oct. 26, 2000,
no pet.) (not designated for publication).
          The record shows that appellant possessed no drug paraphernalia for personal
use and that he was arrested in a high crime area known for heavy narcotics
trafficking. Moreover, there is no evidence in the record that he himself used crack
cocaine. In addition, Officer Walker testified that, based on his experience,
possession of 23 crack rocks is an amount intended for delivery and not personal use. 
          When viewed in the light most favorable to the verdict, this evidence is such
that “any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.” Jackson, 443 U.S. at 318, 99 S.Ct. at 2788; see also
Mack v. State, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.)
(incorporating into sufficiency analysis police officer’s testimony that amount of
drugs found on defendant indicated intent to deliver); Branch v. State, 833 S.W.2d
242, 244 (Tex. App.—Dallas 1992, pet. ref’d) (incorporating same type of testimony).
          Accordingly, we overrule appellant’s sole point of error and affirm the
judgment.  
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).