NUMBER 13-05-786-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SAMMY ROACH, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez



 Appellant, Sammy Roach, was charged and convicted of driving while
intoxicated, third offense. Tex. Penal Code Ann. § 49.04 (Vernon 2006). A jury
found appellant guilty, and the trial court sentenced appellant to seven years'
imprisonment. On appeal, appellant raises the issue of whether the trial court erred
in admitting evidence of appellant's prior convictions. The State raises two additional
issues: (1) whether appellant timely filed his notice of appeal to provide this Court
with jurisdiction; and (2) whether and to what extent appellant preserved his right to
appeal the admissions. We affirm.

I. Jurisdiction


 On August 23, 2005, appellant was convicted and sentenced. After
sentencing, appellant expressed his desire to appeal. No written notice of appeal was
filed within the 90 day time limit. See Tex. R. App. P. 26.2(a)(2) (Vernon 2003)
(providing that notice of appeal must be filed within 90 days of the date sentence is
imposed). On September 2, 2005, however, appellant signed an affidavit of indigency
requesting that counsel be appointed for appeal.

 Ordinarily, the law requires that a convicted person file a notice of appeal in
writing with the clerk. Tex. R. App. P. 25.2(b), (c) (Vernon 2003) (providing that
notice of appeal must be timely filed with the trial court clerk). The notice must show
the person's desire to appeal from the judgment or other appealable order. Id. 
However, in Cantu v. State, 46 S.W.3d 421, 423-24 (Tex. App.-Corpus Christi 2001,
no pet.), this Court recognized a limited exception. See id. In Cantu, we concluded
that rule 25.2 is satisfied when: (1) the appellant orally expresses to the trial court his
desire to appeal, and the trial court gives permission; and (2) the appellant files a form
requesting counsel and expressing his desire to appeal. Id.

 In this case, on two occasions after appellant was sentenced he personally
requested the trial court to "proceed to appeal." See id. The trial court responded by
stating "that's fine" or "all right." See id. Appellant also filed his affidavit of
indigency requesting counsel and expressing his desire to appeal. See id. The
requirements of rule 25.2(c), in light of Cantu, were thus satisfied. We conclude that
this Court has jurisdiction over appellant's appeal.

II. Admissibility of Prior Convictions


 At trial, during cross-examination of appellant, the State requested a hearing
outside the presence of the jury to discuss the admissibility of appellant's prior
convictions for the purpose of impeaching appellant's testimony. Appellant had three
theft convictions occurring between 1992 and 1993 (1) and an aggravated assault
conviction in 1982. Appellant's counsel stated that he "believe[d] the theft
convictions aren't permissible for impeachment at this time" and that he "d[id] not
believe that the aggravated assault is an impeachable crime." The trial court disagreed
with both statements and decided that "[i]f it's a felony, it can be used for
impeachment." At that point, the trial court asked if there were objections. 
Appellant's counsel responded, "No."

 The trial resumed with the State questioning appellant. Appellant's counsel
objected to the State's questions regarding his prior theft convictions on grounds that
"any prior convictions have to be within ten years." (2) The State supported the
admissibility of the evidence on grounds of moral turpitude, and the trial court
overruled appellant's objection. Without objection, the State then proceeded to ask
appellant about his conviction for aggravated assault.

 Based on the above, we conclude appellant preserved his objection to evidence
regarding the theft convictions, but not as to the conviction for aggravated assault. 
See Tex. R. App. P. 33.1(a) (to preserve appellate review, an objection must be timely
and state the grounds for the ruling "with sufficient specificity to make the trial court
aware of the complaint, unless specific grounds were aware from the context");
Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (providing that one
of the two general policies for sufficiently specific objections is that a specific
objection will provide the trial court the basis for the objection so that the trial court
may rule on it).

A. Evidence of Theft Convictions


 By his sole issue on appeal, appellant contends that the trial court erred by
allowing the State to introduce evidence of appellant's remote prior convictions. At
trial, appellant objected on grounds of remoteness--that the crimes occurred more
than ten years before the trial. See Tex. R. Evid. 609(b). On appeal, appellant argues
that the probative value of admitting the evidence does not substantially outweigh its
prejudicial effect. The State contends appellant has waived error because his objection
at trial does not comport with his argument on appeal. See Tex. R. App. P. 33.1(a). 
We disagree.

 Rule 609(b) provides that when an objection to the remoteness of a prior
conviction is raised, the trial court conducts a balancing test to determine whether the
probative value of evidence of a conviction occurring more than ten years prior to trial
substantially outweighs its prejudicial effect. Tex. R. Evid. 609(b). On appeal, when
reviewing the issue of remoteness, "[we] may presume that the trial judge conducted
the balancing test, which need not be shown in the record." Bryant v. State, 997
S.W.2d 673, 676 (Tex. App.-Texarkana 1999, no pet.). Thus, while appellant's
argument on appeal uses the more specific balancing language, we conclude it
comports with his general remoteness objection and is properly before us on appeal.

B. Applicable Law and Standard of Review


 In determining whether the probative value of the evidence substantially
outweighed the prejudicial effect, see Tex. R. Evid. 609(a), (b), we must weigh the
following factors: "(1) the impeachment value of the prior crime, (2) the temporal
proximity of the past crime relative to the charged offense and the witness'
subsequent history, (3) the similarity between the past crime and the offense being
prosecuted, (4) the importance of the defendant's testimony, and (5) the importance
of the credibility issue." Theus v. State, 845 S.W.2d 874, 880 (Tex. Crim. App.
1992) (en banc); see Hankins v. State, 180 S.W.3d 177, 180-81 (Tex. App.-Austin
2006, pet. ref'd) (applying Theus factors to a rule 609(b) issue); Polk v. State, 865
S.W.2d 627, 630-31 (Tex. App.-Fort Worth 1993, pet. ref'd) (same). We presume
that the trial court, in this case, conducted the balancing test. Bryant, 997 S.W.2d
at 676.

 "The determination of the admissibility of evidence is within the sound
discretion of the trial court and will not be disturbed on appeal absent a clear abuse
of discretion." Theus, 845 S.W.2d at 876. In fact, we must accord the trial court
"wide discretion" in weighing the factors. Id. at 881.

C. Analysis


 The theft convictions occurred in 1992 and 1993, but the record does not show
any confinement. Thus, we must assume that the convictions (and confinements)
occurred more than ten years before this trial. Rule 609(b) therefore applies.

 Regarding the first Theus factor, "[t]he impeachment value of crimes that
involve deception is higher than crimes that involve violence, and the latter have a
higher potential for prejudice." Theus, 845 S.W.2d at 881. Theft is a crime of
deception and moral turpitude, and thus weighs in favor of the evidence being
admitted. Bryant, 997 S.W.2d at 676. Therefore, appellant's past theft convictions 
weigh in favor of admissibility.

 The temporal proximity of a crime "will favor admission if the past crime is
recent and if the witness has demonstrated a propensity for running afoul of the law." 
Theus, 845 S.W.2d at 881 (citing United States v. Hayes, 553 F.2d 824, 828 (2d Cir.
1977) (stating that Court has held that convictions have more probative value as they
become more recent)). Appellant's theft convictions occurred approximately thirteen
years before trial; therefore, they cannot be considered proximate. See Tex. R. Evid.
609(b). This factor weighs against admissibility of the evidence.

 If the past crime and the charged crime are similar, then a jury might be more
likely to "convict on the perception of a past pattern of conduct, instead of on the
facts of the charged offense." Theus, 845 S.W.2d at 881. In this case, appellant's
prior theft convictions are not similar to his current charge of DWI. Theft is a crime
of deception, see White v. State, 21 S.W.3d 642, 647 (Tex. App.-Waco 2000, pet.
ref'd), while DWI is a crime of strict liability with no regard to appellant's mental state. 
 See, e.g., Aguirre v. State, 22 S.W.3d 463, 476 (Tex. Crim. App. 1999); Ex parte
Weise, 23 S.W.3d 449, 453 (Tex. App.-Houston [1st Dist.] 2000), rev'd on other
grounds, 55 S.W.3d 617, 621 (Tex. Crim. App. 2001). The dissimilarity between the
two types of crimes demonstrates a low prejudicial effect, and thus weighs in favor
of admissibility of evidence of the theft convictions.

 The last two factors are related and often analyzed together because "both
depend on the nature of a defendant's defense and the means available to him of
proving that defense." Theus, 845 S.W.2d, at 881. "When the case involves the
testimony of only the defendant and the State's witnesses, . . . the importance of the
defendant's credibility and testimony escalates. As the importance of the defendant's
credibility escalates, so will the need to allow the State an opportunity to impeach the
defendant's credibility." Id. At trial, appellant served as the defense's only witness. 
Thus, these two factors weigh in favor of admissibility.

 Because four of the five factors weigh in favor of admissibility, we find that
determining the probative value to substantially outweigh the prejudicial effect lies
within the "zone of reasonable disagreement." Id. The trial court did not abuse its
discretion in admitting evidence of the theft convictions. Thus, we overrule appellant's
sole issue.


III. Conclusion

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 23rd day of August, 2007.
1. We note that the State, on one occasion, referred to the convictions as occurring between 1991
and 1992. The one year difference, however, does not affect our analysis.
2. Appellant did not cite an evidentiary rule; however, it is assumed to be rule 609(b), the time
limit subsection under impeachment by evidence of a conviction of a crime. Tex. R. Evid. 609(b).