NO. 07-10-0053-CR
NO. 07-10-0054-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 6, 2011
_____

ROBERT ALLEN CHITWOOD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 19,426-B & 19,440-B; HONORABLE JOHN B. BOARD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Robert Allen Chitwood, appeals his convictions for aggravated sexual assault and indecency with a child. The victims were under fourteen when he engaged in sexual conduct with them. The conduct included sexual intercourse. Through three issues, he contends the trial court erred by 1) limiting appellant's cross-examination of the complainants, 2) allowing the State to introduce extraneous bad acts of appellant

and 3) allowing the State to impeach appellant with a felony conviction over ten years old.  We affirm.

### Issue One – Rule 412 Exception

In his first issue, appellant contends the trial court erred when it denied his request to question both of the child victims about an instance of aggravated sexual assault involving the two girls and another male.  One of the two girls attested that the incident occurred while the other denied it.  According to appellant, he should have been allowed to present the contradictory testimony under Texas Rule of Evidence 412 since it had the potential of illustrating the bias or motives of one or both of the two complainants.   We overrule the issue.

*Standard of Review*

We review the trial court's decision under the standard of abused discretion.  *Irby v. State,* 327 S.W.3d 138, 154 (Tex. Crim. App. 2010).   Thus, the burden lay with appellant to establish that the refusal to admit the testimony fell outside the zone of reasonable disagreement.   *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).   Next, Rule 412 permits the admission of testimony regarding the past sexual behavior of an alleged victim if 1) it relates to the motive or bias of the victim, among other things, and 2) its probative value outweighs the danger of unfair prejudice.  TEX. R. EVID. 412(b)(2) & (3).  Given these criteria, the standard of review, and the appellate burdens of the litigants, appellant had to show that the circumstances of the case satisfied both criteria.  He did not.

In addressing the second criteria, *i.e.* whether the probative value of the evidence outweighed the danger of unfair prejudice, we simply were told that it should be either

2

ignored or assigned little significance. And, the opinion in *Hammer v. State*, 296 S.W.3d 555 (Tex. Crim. App. 2009) so indicated according to appellant. His analysis of *Hammer* is somewhat inaccurate, however. The *Hammer* court did state that in trials involving sexual assault, "the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such 'he said, she said' cases." *Id.* at 561-62. Nonetheless, nowhere in that missive do we find the directive to always ignore the rules of evidence in general or those specifically pertaining to the balancing test encompassed by either Rules 403 or 412(b)(3).

And, to the extent that a situation may eventually arise calling for the sparing use of Rule 403 or 412(b)(3), little was said by appellant about why the dispute before us was such a situation. This is of import because *Hammer* also cautions against entitling a litigant unfettered discretion to impeach the general credibility of a witness. *Id.* at 562-63. Indeed, the court actually was concerned with those situations wherein the invocation of evidentiary rules prevented the accused from "present[ing] a viable defensive theory." *Id.* Appellant, however, did not attempt to explain how he was denied the opportunity to present a viable defense through the application of Rule 412(b)(3).

Also of import is the absence of explanation as to how evidence of one complainant's prior sexual activity with a third party illustrated motive to falsely accuse appellant of rape. Nor were we told how evidence concerning the victim's allegedly false accusation of sexual assault levied against a stranger to the prosecution tended to illustrate some bias against appellant. As discussed in *Hammer*, it is not enough to

3

merely suggest that because the victim supposedly lied before she must be lying now. *Id.* at 564-66. Indeed, one could reasonably liken such effort to the type of general attack upon a witness' credibility falling outside the aforementioned admonishment about when to use the rules of evidence sparingly.

Simply put, appellant did not establish why the leeway discussed in *Hammer* should be granted him. So, we cannot accord him the freedom to forego addressing Rule 412(b)(3) and illustrating how the supposed probative value of the evidence in question outweighed the danger of unfair prejudice.

### *Issue Two – Extraneous Offenses*

In his second issue, appellant contends that the trial court abused its discretion by allowing the State to introduce extraneous bad acts to explain the reason his parole was revoked. The evidence was allegedly inadmissible under Rules of Evidence 404(a) and 609. We overrule the issue.

First, Rule 609 was not mentioned at trial as a basis for excluding the evidence. Consequently, the ground was not preserved for appellate review. *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the complaint on appeal must comport with that made at trial).

Second, appellant's invocation of Rule 404 pertained merely to the alleged failure of the State to provide him *notice* of its intent to proffer evidence of particular extraneous offenses. This means that his objection was founded upon Rule 404(b) since that provision encompassed the duty to give prior notice. Yet, before us, appellant suggests that the evidence was inadmissible not because of the lack of prior notice but because it was nothing other than evidence tending to show character

4

conformance in violation of Rule 404(a).  As can be seen, the argument asserted here differed from that urged below, which means it was not preserved for review. *Heidelberg v. State, supra.*

### *Issue Three – Impeachment of Conviction over Ten Years Old*

In his final issue, appellant contends that the trial court erred by allowing the State to impeach him with a 1993 conviction which was more than ten years old at time of trial.  We overrule the issue.

Rule 609(b) of the Texas Rules of Evidence provides that evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date.  TEX. R. EVID. 609(b).  However, if the court was to determine that, in the interests of justice, the probative value of the particular conviction substantially outweighs its prejudicial effect, it nonetheless may admit it.  *Id.* Furthermore, application of the latter balancing test need not be overt; that is, the trial court need not expressly inform the parties that it undertook the balancing test, describe the factors it weighed, and issue a finding disclosing whether those circumstances favored either the inclusion or exclusion of the evidence.  *Bryant v. State,* 997 S.W.2d 673, 676 (Tex. App.–Texarkana 1999, no pet.).  Instead, we are to presume that the test was performed.  *Id.*  So, to the extent that appellant suggests the trial court erred in failing to inform the parties that it undertook the balancing test and determine why the result of that test favored the admission of the evidence, he is mistaken.

As for whether the balancing test actually fell in favor of exclusion, we refer the litigants to our discussion of issue one.  Since appellant had the burden to establish that

the trial court abused its discretion, it was incumbent upon him to illustrate that the probative value of the evidence did not substantially outweigh its prejudicial effect. Yet, he did not attempt to do so in his brief. So it does not matter whether or not the conviction at issue fell outside the ten-year window. Appellant did not establish that the trial court erred.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Publish.