**AFFIRMED and Opinion Filed November 30, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00016-CR
No. 05-18-00017-CR

**VICTOR MONROE COLTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-16-31334-Q**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

A jury convicted appellant Victor Monroe Colter of two counts of aggravated sexual assault

of a child. On appeal he raises one issue, complaining that the trial court erred by precluding him

from presenting evidence that the complainant made a false sexual molestation accusation against

someone else. We conclude that the trial court did not abuse its discretion because the proffered

evidence did not create an inference of bias, prejudice, or motive. We therefore affirm.

### I. BACKGROUND

**A.     Procedural History**

By two indictments, appellant was accused of sexually assaulting his great niece J.D., a

child younger than fourteen, on or about July 15 and July 30, 2014.

Appellant pled not guilty, and the issue of guilt was tried before a jury. The jury found him guilty of both crimes.

Appellant and the State agreed that (i) he would be sentenced to ten years in prison for each offense and (ii) he would retain the right to appeal. The trial judge sentenced appellant pursuant to the agreement. The sentences run concurrently.

Appellant timely appealed the convictions.

**B.      Facts**

Trial evidence supported the following facts:

In the summer of 2014, appellant was in between jobs and lived with his older sister (Sister) for a few months. Twelve-year-old J.D. and her two younger sisters, who were great nieces of both Sister and appellant, were living with Sister at the time because their mother could not care for them.

J.D. testified about multiple molestation incidents involving appellant. She said that on one occasion she was in the garage with appellant when he told her to pull her pants down. She complied, and he touched her "[b]ehind" and her vagina with his "middle part." Then they heard J.D.'s cousins and sisters playing outside, and appellant stood up and "put it back in his pants." Then they both walked out of the garage.

J.D. testified that on a later occasion, when it was nighttime, she took the trash out and appellant followed her outside. While they were outside, appellant told J.D to pull her pants down, and she complied. He tried to put his "middle part" in her vagina, and it touched the skin of her vagina. Afterwards, she went inside and took a shower. Later that night, appellant called J.D. into his bedroom, locked the door, and put his penis in her mouth.

Appellant moved out of Sister's house in August 2014.

J.D. made an outcry to Sister in July 2016.  Sister called the police.  This prosecution followed.

## II.  ANALYSIS

**A.**  **Issue Presented:  Did the trial court abuse its discretion by excluding evidence that J.D. previously made a false outcry of sexual abuse against someone else?**

Appellant's sole issue argues that the trial court abused its discretion by refusing to allow him to call J.D. back to the stand to develop evidence that she once made a false accusation of sexual molestation against someone else.  Appellant argues that the evidence was admissible because: (i) the evidence was a prior inconsistent statement admissible under Texas Rule of Evidence 613 and (ii) appellant had a constitutional right to cross-examine J.D. about the false accusation to impeach her credibility and show bias or motive to falsely accuse him.

### 1.  Standard of Review

We review an evidentiary ruling for abuse of discretion.  *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We uphold the ruling if it was within the zone of reasonable disagreement.  *Id*.  We review the ruling in light of what was before the trial court at the time it ruled.  *Id*.

### 2.  Did appellant preserve error?

The State argues that we should overrule appellant's issue (in whole or in part) because he failed to preserve error.  Specifically, the State argues that (i) appellant's entire issue is forfeited because the trial court did not rule on appellant's proffer and alternatively (ii) appellant's Rule 613 argument on appeal is forfeited because it does not comport with his trial court arguments.  We reject the State's first argument but agree with its second.

#### a.  Applicable Rules

To preserve a complaint that the trial court erroneously excluded evidence, a party must specifically articulate the legal basis that makes the evidence admissible.  *Golliday v. State*, No.

PD-0812-17, 2018 WL 5624404, at *4 (Tex. Crim. App. Oct. 31, 2018); *Reyna v. State*, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005); *cf.* TEX. R. APP. P. 33.1(a)(1)(A) (complaining party must state the grounds for the desired ruling unless the specific grounds were apparent from the context). Only arguments made in the trial court are preserved for appeal. *See Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) ("If a trial court objection does not comport with arguments on appeal, error has not been preserved.") (footnote omitted).

The party must also obtain a ruling, either express or implicit, or object to the court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

Additionally, the party must make an offer of proof unless the evidence's substance was apparent from the context. TEX. R. EVID. 103(a)(2). The offer of proof may consist of a concise statement by counsel, or it may be presented in question-and-answer form. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). If counsel opts to make a statement, the proffer must (i) include a reasonably specific summary of the evidence offered and (ii) state the evidence's relevance unless the relevance is apparent. *Id.* at 889–90.

### b.    The Record

During appellant's case, the jury was excused, and Sister testified that (i) appellant's daughter V. told Sister that J.D. had told V. that "something had went on" between J.D. and a man named R.M. and (ii) when Sister asked J.D. about it, J.D. admitted she told V. that but she also said that it wasn't true and she said it only because V. "kept hounding her about it."

Also outside the jury's presence, V. testified that during the spring of 2014, J.D. told her that R.M. had "touched her in places he wasn't supposed to." V. told Sister about the outcry.

After Sister and V. testified, appellant asked to call J.D. back to the stand so that he could ask her whether she made an allegation against R.M. and whether it was true or false. He argued, "[T]his isn't character evidence, Your Honor. It's impeachment of her credibility, or it's proof

–4–

that she's made a false statement." The State objected based on Rule 608 and the hearsay rule. After further argument, the trial judge said, "I don't think you can call [J.D.] for that purpose." Then the proceedings went off the record. When the proceedings resumed on the record, the judge instructed appellant to "make [a] bill of exceptions." Appellant then said the following:

> If I would call the complaining witness back to the stand in this case and ask her if [R.M.] had ever molested her, she would say no, and then I would ask her if she made an allegation in 2014 to [V.] that [R.M.] had molested her, she would say, yes. And then I would ask her, if at the time she made that accusation that allegation was false, and she would say yes.

> And we think that the failure of the Court to allow this testimony into evidence at this stage of the trial denies my client his right to effectively cross-examine a witness against him under Davis versus Alaska and his right to confrontation under the Sixth Amendment to the Constitution.

After a short exchange with the trial judge, appellant continued:

> APPELLANT: All right. I would like to add to the previous basis for the objection to the exclusion of that testimony, the Court of Criminal Appeals opinion in Hammer versus State, and the footnote 30 thereof which refers to the doctrine of chances, and the—I'll spell this for you, 24 Quinnipiac, that's, Q-U-I-N-N-I-P-I-A-C, Law Review.

> THE REPORTER: I'm sorry. Can you—a little bit slower.

> APPELLANT: Q-U-I-N-N-I-P-I-A-C, Law Review 609, 2006, which—which the Court of Criminal Appeals incorporated in their appendix as a long discussion about the admissibility of false accusations of sex abuse.

> THE COURT: That's it?

> APPELLANT: That's it.

> THE COURT: Okay. You want to bring the jury in, Ms. Johnson?

Trial then resumed before the jury.

### c.  Applying the Law to the Facts

First, we reject the State's contention that the trial court did not rule on appellant's proffer. Although the court did not expressly sustain the State's objections or deny appellant's request to recall J.D. for examination, the court heard the parties' arguments, went off the record, and

resumed proceedings on the record by telling appellant to make his "bill of exceptions."[1] Appellant made an offer of proof and stated additional reasons for the evidence's admissibility.[2] The court acknowledged the reasons and ordered the trial to resume before the jury, which occurred without the proffered testimony's being presented before the jury. Under the circumstances, we conclude that the trial court implicitly ruled that appellant's proffered evidence was inadmissible when it told appellant to make a "bill of exceptions." *See* TEX. R. EVID. 103(a)(2) (offer of proof is necessary to preserve error "if the ruling excludes evidence"); *Jones v. State*, 540 S.W.3d 16, 24 (Tex. App.—Houston [1st Dist.] Aug. 1, 2017, pet. granted) (an offer of proof is necessarily made after the trial court has already ruled that evidence is inadmissible). Furthermore, this record shows that appellant preserved his Confrontation Clause sub-issue.

Second, we agree with the State that appellant did not preserve his appellate argument that the proffered evidence was admissible under Texas Rule of Evidence 613 as a prior inconsistent statement. Appellant never mentioned Rule 613 or argued that J.D.'s contradictory statements about R.M. were admissible because they were inconsistent with her trial testimony. *See Covarrubias v. State*, No. 08-11-00176-CR, 2013 WL 557177, at *3 (Tex. App.—El Paso Feb. 13, 2013, no pet.) (not designated for publication) ("A 'prior inconsistent statement' is a prior statement made by a witness that is inconsistent with that witness's testimony at trial."). Accordingly, we will not consider appellant's argument that the proffered evidence was admissible under Rule 613.

---

[1] An offer of proof was formerly known as an informal bill of exception. *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.). The terms "offer of proof" and "bill of exception" are often used interchangeably. *Ethridge v. State*, No. 01-10-00027-CR, 2011 WL 2502542, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.) (mem. op., not designated for publication).

[2] Appellant asserts without explanation that the trial court denied him the opportunity to present evidence in his "Bill of Exceptions." The record does not support this assertion. In any event, the assertion is not adequately briefed to present anything for review. *See* TEX. R. APP. P. 38.1(i).

–6–

**3.      Did the trial court abuse its discretion by excluding the evidence in violation of appellant's Confrontation Clause rights?**

We now consider whether appellant had a constitutional right to cross-examine J.D. about the false accusation to impeach her credibility or to show bias or motive to falsely accuse him. We conclude that the trial court did not abuse its discretion by rejecting appellant's argument.

**a.      Applicable Law**

The Sixth Amendment right to confront witnesses includes the right to cross-examine them to attack their general credibility and to show their possible bias, self-interest, or motives in testifying. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009) (citing *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). However, the right is not unqualified, and the trial court has wide discretion in limiting the scope and extent of cross-examination. *Id.* Ordinarily, evidentiary rules limiting the admissibility of evidence do not conflict with the Sixth Amendment. *Id.*

Generally, a witness may be cross-examined on any relevant matter, including credibility. TEX. R. EVID. 611(b). However, Rule 608(b) bars cross-examination about specific instances of conduct, other than criminal convictions as provided in Rule 609(a), for the purpose of attacking the witness's character for truthfulness. TEX. R. EVID. 608(b).

When applying the Sixth Amendment, courts have distinguished attacks on a witness's general credibility from attacks that reveal the witness's possible biases, prejudices, or ulterior motives that relate directly to the issues or people in the particular case. *See, e.g.*, *Hammer*, 296 S.W.3d at 562–63; *Terry v. State*, No. 05-12-00279-CR, 2013 WL 1838646, at *4 (Tex. App.—Dallas Mar. 26, 2013, pet. ref'd) (not designated for publication). The defendant does not have an absolute right to impeach a witness's general credibility, but the Sixth Amendment is offended if an evidentiary rule bars a defendant from cross-examining a witness about possible biases, prejudices, and motives to such an extent that he could not present a vital defensive theory. *Hammer*, 296 S.W.3d at 562–63; *Terry*, 2013 WL 1838646, at *4.

*Hammer* and *Terry* illustrate these principles. In *Hammer*, the defendant was being prosecuted for indecency with a child (his daughter) and unsuccessfully sought to introduce evidence that the complainant had made a false sexual assault accusation against someone else. 296 S.W.3d at 558–59. The court of criminal appeals held that the trial court erred by excluding the evidence because on the case's specific facts the false accusation was strong evidence that the complainant had a motive to falsely accuse her father. *Id*. at 567. Specifically, the complainant made the false accusation against "Ignacio" after she had actually had consensual intercourse with her boyfriend Anthony, whom her father did not approve of, and after her father took her to the hospital for a sexual assault examination. She was so upset that she threatened to commit suicide shortly thereafter. According to the court of criminal appeals, these facts showed that the complainant (i) had a motive to falsely accuse her father and (ii) was not above making a false accusation to keep her father from learning the truth and punishing her. *Id*.

In *Terry*, by contrast, a sexual-assault defendant unsuccessfully sought to introduce evidence that the complainant had lied to her mother about a wholly independent "sexting" incident involving her and a schoolmate. 2013 WL 1838646, at *1, *4. We held that the trial court did not abuse its discretion by excluding the evidence of the complainant's lie because the lie was not an accusation, did not involve the defendant or the allegations against him, and did not show that the complainant had any bias, prejudice, or ulterior motive to accuse the defendant. *Id*. at *4.

### b. Applying the Law to the Facts

We hold that the trial court did not abuse its discretion by excluding the proffered evidence. Appellant's arguments that the evidence was admissible to impeach her credibility and to show bias, prejudice, or an ulterior motive to testify against him are not persuasive.

First, appellant's argument that the evidence was admissible to impeach J.D. credibility conflicts with Rule 608(b)'s prohibition of such evidence. *Hammer* makes clear that the

Confrontation Clause does not compel the admission of prior false accusations offered simply to attack a complainant's general credibility.  *See* 296 S.W.3d at 564–65 & n.26.

Second, although appellant repeatedly urges that the proffered evidence would have shown J.D.'s bias against appellant or motive to accuse him, he does not explain how this is so.  The record indicates that (i) in the spring of 2014, J.D. made a vague outcry to V. that R.M. "touched her in places he wasn't supposed to" and (ii) J.D. later told Sister that her outcry wasn't true and she said it only to make V. stop hounding her about it.  Nothing about this evidence suggests J.D. was biased or prejudiced against appellant or had an ulterior motive to make a false accusation against him.

Because the proffered evidence did not create an inference of bias, prejudice, or motive, the Confrontation Clause did not compel the trial court to admit the evidence.  *See Solis v. State*, No. 13-14-00633-CR, 2016 WL 872677, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 18, 2016, no pet.) (mem. op., not designated for publication) (trial court permissibly excluded complainant's past rape allegation that did not tend to show motive or bias in defendant's case); *Chitwood v. State*, 350 S.W.3d 746, 748 (Tex. App.—Amarillo 2011, no pet.) (same).

Accordingly, the trial court acted within the zone of reasonable disagreement in ruling that the proffered testimony was inadmissible and did not abuse its discretion.

**B.      Conclusion**

For the foregoing reasons, we overrule appellant's sole issue.

### III. DISPOSITION

We affirm the trial court's judgments.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
180016F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR MONROE COLTER, Appellant

No. 05-18-00016-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-16-31334-Q.
Opinion delivered by Justice Whitehill. Justices Stoddart and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 30, 2018



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR MONROE COLTER, Appellant

No. 05-18-00017-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-16-31335-Q.
Opinion delivered by Justice Whitehill. Justices Stoddart and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 30, 2018.