

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00164-CR

CHRISTIAN DALE KING, APPELLANT

V.

THE STATE OF TEXAS

On Appeal from the 47th District Court
Randall County, Texas,
Trial Court No. 30,917-A, Honorable Dan Schaap, Presiding

January 9, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Christian Dale King, was convicted by a jury of aggravated assault with a deadly weapon and knowingly possessing a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams.[1]  Punishment was enhanced

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a), (2) (second-degree felony); HEALTH & SAFETY CODE ANN. § 481.115 (c) (third-degree felony).  Appellant does not appeal his conviction for drug possession.

to two sentences of thirty years to run concurrently.[2]  On appeal, he asserts (1) the State's evidence was insufficient to convict him for aggravated assault with a deadly weapon, and (2) the trial court abused its discretion by not admitting evidence of the complainant's prior criminal convictions.  We affirm the judgment.

**Background**

In March 2021, an indictment was returned alleging that on or about November 27, 2020, Appellant intentionally, knowingly, or recklessly caused bodily injury to Henry Miles by striking him with his hand while exhibiting a deadly weapon (a knife) that in the manner of its use was capable of causing death and serious bodily injury to Miles.  The indictment also alleged Appellant intentionally and knowingly possessed a controlled substance (methamphetamine) in an amount of one gram or more but less than four grams.

In July 2021, a two-day jury trial was held.  Miles testified that in November 2020, he was washing his clothes in the laundry of an Amarillo, Texas, motel, when he temporarily left for his room.  When he returned, he discovered Pegan Cook had removed his laundry from the machine and loaded her clothes.  Miles also discovered a pair of jeans was missing.  He gathered Cook's laundry from a folding table, placed it in a bag, and told Cook her laundry would be returned when she returned his jeans.  An argument ensued, and Cook left, threatening to return with her boyfriend.[3]

---

[2] Two enhancement paragraphs alleged Appellant was finally convicted of two prior felonies, burglary of a habitation and aggravated assault causing serious bodily injury.  Appellant pled true to both enhancements.

[3] Cook contends that Miles spit at her; Miles denies doing so.

Appellant ran to the laundry with Cook trailing behind. Miles observed Appellant coming at him in an "attack position" with a dark "survival knife" containing a serrated blade in his left hand. Appellant struck Miles twice in the mouth with his right fist, breaking a dental plate and dislodging several false teeth; Miles's inner lip was cut. He testified that when Appellant approached him holding the knife, he felt threatened to be in imminent danger of serious bodily injury or death. Miles said he did not attempt to defend himself due to Appellant wielding the knife.

Before cross-examination, Appellant's counsel advised the trial court he intended to impeach Miles with two prior criminal convictions for armed robbery in 1991 and drug possession in 2009. The State objected, and the trial court denied admission of the convictions.

In addition to Miles's testimony, Police Officer Austin Billstrom testified that he was dispatched to the motel and encountered Appellant walking out of his motel room. Appellant identified himself as "Jarad Matlock"; he admitted being involved in an incident in the motel's laundry but denied being in a fight. Billstrom discovered a fresh injury with bright red, dried blood on Appellant's knuckles.[4] When Billstrom interviewed Cook, she initially referred to Appellant as "Christian"; she later referred to Appellant as "Jarad" after she learned he used that name when speaking to Officer Billstrom.

Officer Nathaniel Ham testified that after obtaining Appellant's consent, he conducted a pat-down and discovered a knife on Appellant. During transport to jail, Appellant confessed to Ham that his real name was Christian King. Corrections Officer

---

[4] Officer Enrique Gonzalez also testified he noticed Appellant's knuckles showed recent lacerations.

3

Marcus Slough testified that during a jail search of Appellant, a Ziploc baggie containing methamphetamine was recovered from Appellant's pants.[5]

Cook testified that after she told Appellant of the encounter with Miles, Appellant ran to the laundry. Cook also testified that she saw Appellant strike Miles with such force that it caused Miles to spit teeth into his hand. Cook denied observing any weapon but testified Appellant always carried the knife in his pants pocket.

Detective Brent Harlan, a former SWAT officer, testified that if he had been approached in the manner described by Appellant, he would feel as though he were in danger of imminent serious bodily injury or death. He described the knife found on Appellant as "very dangerous" and capable of causing serious bodily injury and death.

*Issue One*

Appellant contends the State's evidence was insufficient that he exhibited a deadly weapon, which he contends is essential to the aggravated assault conviction. Appellant relies on Cook's testimony that she did not see Appellant threaten Miles with a knife, and asserts Miles was unable to reliably identify the weapon. We overrule Appellant's issue.

The standards we use for assessing the sufficiency of the evidence are well-established. In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 244 (Tex. Crim. App. 2019); *Jackson v. Virginia*, 443

---

[5] Jordan Allec, DPS forensic scientist, identified the substance tested as 3.19 grams of methamphetamine.

U.S. 307, 319 (1979). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from that evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). The trier of fact is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). In a sufficiency review, "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13.

Aggravated assault has two components: an assault, coupled with an aggravating factor. *Edgar v. State*, Nos. 07-18-00327-00328-00329-CR, 2020 Tex. App. LEXIS 687, at *8–9 (Tex. App.—Amarillo Jan. 24, 2020, no pet.) (mem. op., not designated for publication). To prove the aggravating factor, the State must prove assault by the accused caused "serious bodily injury" or involved the use or exhibition of a deadly weapon. *See* TEX. PENAL CODE ANN.§ 22.02(a)(1), (2). The State may satisfy the deadly weapon element by proving the accused intentionally or knowingly threatened the complainant with imminent bodily injury while using or exhibiting a deadly weapon; the State is not required to prove the complainant was injured by the deadly weapon. *See* *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017). Testimony from lay or expert witnesses may support a deadly weapon finding. *Banargent v. State*, 228 S.W.3d 393, 399 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

Even though Cook testified Appellant did not threaten Miles with the knife, our standard of review requires that we assess the evidence and all inferences in the light most favorable to the jury's verdict and to resolve evidentiary conflicts in favor of the

5

verdict. As a part of its role in assessing the credibility of witnesses, the jury may accept one witness's version of the facts and reject another's. *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018). The jury was able to assess the credibility of Miles's testimony that Appellant carried a knife in "attack position" when he ran at Miles and punched him twice in the mouth. It likewise could assess Cook's denial. Miles's description of the knife matched photographs of a knife recovered from Appellant shortly after the incident. Detective Harlan described the knife as "dangerous," capable of causing serious bodily injury and death. Miles testified he felt threatened and in imminent danger of serious bodily injury or death at the sight of the knife. Detective Harlan similarly testified he would feel in danger of imminent serious bodily injury or death if Appellant had approached him in the manner described. Based on this evidence, as well as the exhibits admitted at trial, the jury could reasonably infer a knife capable of causing serious bodily injury or death was used by Appellant during the assault. We overrule Appellant's first issue.

*Issue Two*

Appellant also asserts the trial court abused its discretion by sustaining the State's objection to evidence he sought to introduce to impeach Miles.[6] We review the trial court's decision to admit impeachment evidence under an abuse of discretion standard. *Chitwood v. State*, 350 S.W.3d 746, 748–49 (Tex. App.—Amarillo 2011, no pet.) (citing *Irby v. State*, 327 S.W.3d 138, 154 (Tex. Crim. App. 2010)). Appellant must establish that

---

[6] Appellant also contends the trial court erred because it did not reference or explain whether it was conducting a balancing test under Texas Rule of Evidence 609 when it made its ruling. When considering the probative effect of evidence versus its possible prejudicial effect, we may presume the trial judge conducted the Rule 609 balancing test, which need not be shown in the record. *Chitwood v. State*, 350 S.W.3d 746, 749 (Tex. App.—Amarillo 2011, no pet.).

the trial court's refusal to admit the testimony is so clearly wrong that it falls outside the zone of reasonable disagreement. *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016).

Texas Rule of Evidence 609(a) allows the impeachment of a witness by evidence of a prior conviction if the prior conviction was a felony or a crime of moral turpitude regardless of punishment so long as the trial court determines the probative value of the evidence outweighs the prejudicial effect. TEX. R. EVID. 609(a). The trial court has wide discretion in ruling on the admissibility of a prior conviction. *Theus v. State*, 845 S.W.2d 874, 880–81 (Tex. Crim. App. 1992).[7]

We overrule Appellant's complaint that Miles's armed robbery conviction in 1991 should have been admitted because it is relevant to showing his propensity toward violence in 2020. Because more than ten years had elapsed since Miles's conviction or release from confinement, it was incumbent on Appellant to show that the probative value of the conviction substantially outweighs its prejudicial effect. TEX. R. EVID. 609(b). However, Appellant failed to show how a nearly 30-year-old armed robbery conviction shows Miles's propensity toward violence. Moreover, whether Miles had a propensity toward violence was irrelevant because there was no evidence Miles became violent during his encounter with Appellant.

---

[7] In considering whether the probative value outweighed its prejudicial effect, we review five nonexclusive factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime to the charged offense and the witness's subsequent history; (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus*, 845 S.W. 2d at 880.

We likewise overrule Appellant's argument that the trial court erred in refusing to admit evidence of Miles's drug possession conviction. The record reflects that Miles successfully completed probation in satisfaction of his sentence in 2009; there was no evidence Miles has been convicted of any felony or crime involving moral turpitude since then. Such evidence is therefore not admissible per TEX. R. EVID. 609(c); *Valmana v. State*, 605 S.W.3d 490, 503 (Tex. App.—El Paso 2020, pet. ref'd). We cannot say the trial court abused its discretion by denying Appellant an opportunity to put on evidence of Miles's two convictions. *See Richard v. State*, No. 01-89-00856-CR, 1990 Tex. App. LEXIS 2082, at *12–13, 15 (Tex. App.—Houston [1st Dist.] 1990, no pet,) (where conviction seventeen years old, no violation of federal and state constitutional rights to confrontation and cross-examination when convictions excluded by trial court).[8] Accordingly we overrule issue two.

**Conclusion**

Having overruled all issues on appeal, we affirm the trial court's judgment.


Lawrence M. Doss
Justice


Do not publish.

---

[8] Appellant also asserts on appeal that his due process rights were violated by the exclusion of Miles's prior convictions. A review of the record indicates Appellant never put the trial court on notice of any due-process complaint; the issue was therefore forfeited. *Clark v. State*, 365 S.W.3d 333, 339–340 (Tex. Crim. App. 2012).

8